FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 NOV -9 PM 1:43

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

6600 SUEMAC PLACE, L.L.C., a
Florida limited liability company,

    Plaintiff,

v.

Case No.:

3:16cv1417-J-39JBT

POMA GLASS AND SPECIALTY WINDOWS,
INC., an Ohio Corporation

_____/

## COMPLAINT

COMES NOW Plaintiff, 6600 Suemac Place, LLC ("Suemac LLC"), by and through its undersigned counsel and files this Complaint against Defendant, Poma Glass and Specialty Windows, Inc. ("Poma"), and states in support thereof:

1. This is an action for damages in excess of $75,000.00, exclusive of costs, interest and attorney's fees.

2. Suemac LLC is a Florida limited liability company that, for all times material hereto, operated and did business in Jacksonville, Duval County Florida. Suemac LLC is a citizen of Florida.

3. Poma Glass and Specialty Windows, Inc. ("Poma"), is an Ohio Corporation that, for all times material hereto, operated and did business at the subject Property in Jacksonville, Duval County, Florida. Upon information and belief, Poma is a citizen of both Ohio and Georgia.

4. This Court has jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of costs, interest and attorney's fees.

1

5. Venue is proper in Duval County, Florida pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in Duval County, and a substantial part of the property that is the subject of the action is situated in Duval County.

## GENERAL ALLEGATIONS

6. On or about October 22, 1993, Great Valley Associates Limited Partnership ("Great Valley") and American Flat Glass Distributors ("AFGD") entered into a Lease whereby AGFD agreed to lease the premises at 6600 Suemac Place, Jacksonville, Florida 32205 ("the Property"). **A true and accurate copy of the Lease is attached hereto as Exhibit "A"**. The term of the Lease was through December 31, 1998.

7. On or about June 17, 1994, Liberty Property Limited Partnership became the owner and Landlord of the Property through a special warranty deed, **a true and accurate copy of which is attached hereto as Exhibit "B"**.

8. On or about April 30, 2001, Florida Acquisitions 1986, LLC became the owner and Landlord of the Property through a special warranty deed, **a true and accurate copy of which is attached hereto as Exhibit "C"**.

9. The Parties subsequently agreed to extend the Lease through December 31, 2003, then through June 30, 2004, and then through January 1, 2005.[1]

10. On or about December 7, 2004, Florida Acquisitions, as successor in interest to Liberty Property Limited Trust, entered into a Supplemental Agreement with AFGD, which extended the term of the Lease through February 1, 2015. **A copy of this Supplemental Agreement is attached hereto as Exhibit "D"**.[2]

---

[1] These extensions are accounted for in Exhibit "D". It is also believed that Defendant is in possession of the extensions.
[2] Exhibit "A" to the December 7, 2004 extension is not attached, but it is believed that Defendant is already in possession of it.

11. In or about 2006, Poma became the successor in interest of AFGD, and the Lease was assigned to and assumed by Poma.

12. On or about May 1, 2006, Florida Acquisitions and Poma, as successor of AFGD, entered into a Supplemental Agreement that redefined some of the terms of the Lease and extended the Lease through April 30, 2016. **A true and accurate copy of this Supplemental Agreement is attached hereto as Exhibit "E"**. Any terms not redefined by Exhibit "E" remained unchanged from the original Lease attached hereto as Exhibit "A".

13. On or about April 15, 2011, Florida Acquisitions lost ownership of the Property via a foreclosure judgment and the property was acquired at a foreclosure sale by GMAC 2001-C2, Lichtenstein Liberty Portfolio, LLC ("GMAC"). **A true and accurate copy of the Certificate of Title is attached hereto as Exhibit "F"**. As a result, GMAC became the owner and Landlord for the Property leased by Poma.

14. On or about June 30, 2014, Suemac LLC purchased the Property and became the owner and Landlord for the Property leased by Poma, thereby assuming all obligations of the landlord under the Lease. **A true and accurate copy of the specialty warranty deed is attached hereto as Exhibit "G"**.

15. Poma continued to lease the Property from Suemac LLC through the expiration of its lease on April 30, 2016.

16. The Lease between Poma and Suemac, as extended, supplemented, assigned and assumed as described above, was a valid and governing lease.

17. Upon Poma vacating the Premises, the Parties noted damages for which Poma was responsible for fixing. There was approximately $110,000.00 in damages agreed upon, but

despite being in agreement as to Poma's liability to pay for these repairs, Poma refuses to tender payment for same.

18. On April 29, 2016, Poma was informed that it was liable for the excessive damage to the flooring pursuant to Section 8(e) of the Lease. This damage is beyond normal wear and tear and due to the manner in which Poma occupied the Property. Poma refuses to tender payment for the damage to the floor.

19. Additionally, Poma is responsible for removing the alterations made and used by it pursuant to Section 13(b) of the Lease. While a tenant at the Property, Poma created additional room to accommodate some of its taller machinery by cutting a 15' x 15' hole in the roof. This required additional column support that thereby reduced the available floor space and traffic patterns. These additional beams prohibit Suemac LLC from having the benefit of the full space of the Property and must be removed as well.

20. Despite Poma's contractual obligation to remove the alterations made by it and perform repairs from their removal, Poma refuses to do so. In the meantime, the alterations are causing roof leaks, which is causing ongoing damages to the Property.

21. In all, it is estimated that the amount of damages for which Poma is liable under the Lease is $570,000.00.

## COUNT I – BREACH OF CONTRACT

22. Suemac LLC hereby re-alleges and incorporates the allegations of Paragraphs 1 through 21 above as if fully set forth herein.

23. Pursuant to Sections 25 and 8 of the Lease, at the end of the Lease, Poma was responsible for ensuring that the Property was repaired and in the same order and condition in which it was required to be kept throughout the term of the Lease.

24. As stated above, Poma is in agreement as to $110,000.00 in repairs that must be made pursuant to the Lease.

25. Poma materially breached the terms of the Lease by refusing to tender payment for these undisputed repairs.

26. Poma has also materially breached the terms of the Lease by refusing to remove the alterations and/or improvements made by it to accommodate its business and equipment needs, despite being notified that the Landlord was requiring same.

27. Poma has materially breached the terms of the Lease by refusing to pay for all damages caused by it through the manner of use and occupancy of the Property.

28. As a result of Poma's material breaches, Suemac LLC has suffered damages. Suemac LLC's ability to lease the Property to a third party has been delayed and will continue to be delayed until such time that repairs can be made.

29. Suemac LLC has retained the services of this law firm to represent its interests in this matter and is obligated to pay reasonable attorney's fees.

30. Suemac LLC is entitled to receive its reasonable attorney's fees from Poma pursuant to the Lease.

31. Suemac LLC has fully performed all of its obligations under the Lease.

32. All conditions precedent to filing this action have been fulfilled, satisfied or otherwise waived.

WHEREFORE, 6600 Suemac Place, LLC, respectfully demands judgment for damages against Poma Glass & Specialty Windows, Inc., for costs and attorney's fees, and for any other and further relief this Court deems appropriate and just.

Respectfully submitted,

**FORD, MILLER & WAINER, P.A.**

*/s/ P. Campbell Ford*
**ALISON BLAKE, ESQUIRE**
Florida Bar No. 0584967
**P. CAMPBELL FORD, ESQUIRE**
Florida Bar No. 0480495
1835 N. Third Street
Jacksonville Beach, Florida 32250
904-390-1970 (telephone)
904-390-3975 (facsimile)
ablake@fordmiller.com
cford@fordmiller.com
serviceFMW@fordmiller.com
Attorneys for Plaintiff